## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**MONIQUE WILKERSON,**

Plaintiff,

vs.

**THEDIOUS SEYMOUR,**

Defendant.

**CIVIL ACTION FILE NO.**
1:11-CV-04426-TWT

## DEFENDANT SEYMOUR'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Defendant Thedious Seymour ("Seymour" or "Defendant"), by and through the undersigned counsel, hereby files his Response to Plaintiff's Motion for Attorneys' Fees as follows:

### Statement of Facts and Procedural History

On December 20, 2011, Plaintiff Monique Wilkerson initiated this action against Officer Seymour and Sergeant Parker, in their individual capacities, pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Wilkerson claimed she was falsely arrested and falsely imprisoned by Seymour and Parker on September 9, 2010 when she was arrested and charged with disorderly conduct in violation of a DeKalb County ordinance.

After the close of the discovery period, Seymour and Parker filed their Motion for Summary Judgment asserting they were not liable to Wilkerson under 42 U.S.C. § 1983 because they were entitled to qualified immunity. The Plaintiff responded to Defendants' Motion for Summary Judgment and Defendants filed their Reply. In its October 17, 2012 order[1], the district court denied Defendants' Motion for Summary Judgment based on qualified immunity. The Defendants appealed their denial of summary judgment and qualified immunity to the Eleventh Circuit Court of Appeals. The Eleventh Circuit reversed the district court and granted qualified immunity to Sergeant Parker, but denied qualified immunity to Officer Seymour. *Wilkerson v. Seymour,* 736 F.3d 974 (11th Cir. 2013).

This case returned to the district court and went to trial July 7, 2014.[2] At trial, Plaintiff presented evidence that she was entitled to a judgment exceeding $100,000.00. Counsel for Officer Seymour moved for judgment in his favor both at the close of Wilkerson's evidence and at the close of Seymour's evidence. This Court denied both motions and on July 10, 2014 the jury rendered a verdict in Plaintiff's favor for the amount of $155.00 in compensatory damages. One hundred fifty-five dollars is the exact amount it cost Plaintiff to retrieve her car from South DeKalb Towing and Transport after her arrest. *See* Plaintiff's Trial

---

[1] Initially, this case was assigned to Judge Marvin H. Shoob, Senior Judge for the District Court for the Northern District of Georgia. He authored the court's October 17, 2012 order.

[2] This case was transferred from Judge Shoob to Judge Thomas W. Thrash on April 28, 2014.

Exhibit #10 (Doc. 92).   The jury declined to award punitive damages to the Plaintiff; finding that Officer Seymour did not exhibit malice and reckless indifference when arresting the Plaintiff.  After the trial, Defendant filed a Motion for Judgment as a Matter of Law, or in the alternative Motion for a New Trial, arguing that the trial court should overturn the jury verdict and find that Seymour is entitled to qualified immunity.  The district court denied the motion in its March 11, 2015 order and the Defendants appealed to the Eleventh Circuit.   On September 10, 2015, the Eleventh Circuit denied Defendant's appeal.

Throughout the course of this litigation the parties negotiated settlement but were unable to reach an agreement.   However, Defendant made reasonable settlement offers.   On April 12, 2013, during Eleventh Circuit Mediation, Defendant offered a reasonable settlement of $5,000.00 but the Plaintiff turned it down.  Again on April 10, 2014, three months before trial, Defendant offered to settle the case for the same amount but Plaintiff refused to accept a settlement below $115,000.00.

On September 11, 2015, Plaintiff filed a Motion for Attorney's Fees requesting a sum of $135,905.00, plus costs of $4,074.27.  These fees are based upon 384.1 hours of legal work at $350.00 per hour and 29.4 hours of travel time at $50.00 per hour.  For the reasons set forth in detail below, Plaintiff's request for

attorney's fees should be either denied in full or significantly reduced to a lower amount.

<u>**Argument and Citation of Authority**</u>

**A.   The Lodestar Amount**

The Plaintiff seeks a total attorney's fee award of $139,979.27, which consists of $135,905.00 in attorney's fees and $4,074.27 in expenses. This amount is unreasonable and excessive, especially in light of the fact the jury only awarded Plaintiff the cost of retrieving her car from the tow yard – $155.00.

The United States Supreme Court has established the framework and methodology for calculating the amount of a reasonable attorney's fees award for a prevailing party under 42 U.S.C. § 1988. *Hensley v. Eckerhart,* 461 U.S. 424, 433-37 (1983); *Webster Greenthumb Co. v. Fulton County, Ga.,* 112 F. Supp. 2d 1339, 1349 (2000). First, the district court must calculate the "lodestar" amount by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate. *Hensley,* 461 U.S. at 433. After calculating the lodestar, the court may adjust the amount upwards or downwards depending on a number of factors, including the quality of the results obtained and the legal representation provided. *Id.* The Plaintiff must supply the court with specific and detailed evidence to demonstrate they are entitled to fees, which is especially important in

cases where the fee applicant has only partially succeeded in the suit. *Webster,* 112 F.Supp. 2d at 1349.

### 1. Reasonable Hours.

It is well settled that "[f]ee applicants must exercise what the Supreme Court has termed 'billing judgment.'" *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). While exercising "billing judgment," counsel for the prevailing party should exclude those hours that are excessive, redundant or otherwise unnecessary. *Hensley,* 461 U.S. at 434 (1983). Further when determining "the number of hours reasonably expended" the court should deduct any time spent on "discrete and unsuccessful" claims from the calculation. *Duckworth v. Whisenant,* 97 F.3d 1393, 1397 (1996). "Time spent on dismissed plaintiffs should be excluded from a fee award if the result is discrete and unsuccessful." *Webster,* 112 F. Supp. 2d at 1354; *citing Duckworth,* 97 F.3d at 1397 (court reduced detainee's fee amount because detainee his claims were primarily based upon injury he received during incident at jail).

In the instant case, this court should exclude from Plaintiff's fee award all of the time spent to prevent the dismissal of Sergeant Parker because Plaintiff's claim against Parker was unsuccessful. The Eleventh Circuit's finding that Sergeant Parker was entitled to qualified immunity and dismissal from this case should

render non-compensable approximately 36.95 hours of Plaintiff's fees,[3] or an amount of $12,932.50. Accordingly, Plaintiff's "hours reasonably expensed" should be reduced to reflect her failed claim against Sergeant Parker.

## 2. Redundant and Unnecessary Billing

Defendant takes issue with the number of hours expended litigating this case. According to the affidavits of Plaintiff's attorneys, they are highly-educated and well-versed in civil rights matters. *See* Jones Affidavit at pg. 2; Amideo Affidavit at pg. 2. Between Plaintiff's two attorneys, they have over eighty-two years of experience. However, there are several time entries in Plaintiff's Hours Expended exhibit to her Motion for Attorneys' Fees that are excessive for attorneys with 39 and 43 years of experience.

In taking Plaintiff's counsels' experience and expertise at face value, it stands to reason that 384.1 hours is excessive to litigate a case of this caliber. For instance, Mr. Amideo contends he expended 9.4 hours researching, drafting and reviewing the complaint; 3.8 hours drafting a joint preliminary and scheduling report (a 13-page form document used in every federal civil rights lawsuit); 1.5 in total to "receive" documents; 17.1 hours in total to prepare for Defendants Seymour and Parker's deposition; 30.5 total hours to research, review and draft response to motion for summary judgment, including 4.1 conducting legal research

---

[3] See attached Exhibit A.

on responding to motion for summary judgment; 2.2 hours researching qualified immunity; 15.4 hours researching, drafting and revising response to motion for summary judgment. Mr. Jones contends he expended 6 hours drafting, reviewing and filing Initial Disclosures (a six-page form document used in every federal civil rights lawsuit); 5.1 hours to prepare, finalize and file a mediation statement in mediation to the 11th Circuit Court of Appeals; 1.9 hours to review pre-trial order requirements; 6.1 hours to draft and finalize Plaintiff's portion of the pre-trial order.

As evidenced by Mr. Amideo's and Mr. Jones's billing records, some of these hours could be deemed excessive. If the excessive hours were cut in half, the total hours expended would be reduced by an amount of $14,245.00.

## B.   Lodestar Amount Adjustments.

Once the lodestar amount is obtained, the court may then adjust it upwards or downwards based on several factors. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). In *Farrar v. Hobby*, the Supreme Court articulated three factors to assess a reasonable attorney's fee award where the relief obtained by the plaintiff is minimal. 506 U.S. 103, 114 (1992). *Farrar's* three factors include: (1) the degree of success obtained by the plaintiff, (2) the significance of the legal issue on which the plaintiff prevailed, and (3) the public purpose served. *Gray v. Bostic*, 720 F.3d 887, 893-94

(11th Cir. 2013).    The Eleventh Circuit, as well as this court, has consistently utilized Farrar's three factors to assess an attorney's fee award in such cases. *Childs v. DeKalb County,* 416 Fed. Appx. 829, 831 (11th Cir. 2011); *Thornton v. Wolpoff & Abramson, L.L.P.,* 312 Fed. Appx. 161, 164 (11th Cir. 2008) (discussing first factor of *Farrar*); *Webster*, 112 F. Supp. 2d 1339, 1377-78 (2000) (discussing the second and third factors of *Farrar*).[4]    Each of these factors weighs heavily against the Plaintiff.

### 1.  Degree of Success Obtained

The most important factor when determining a reasonable attorney's fees amount is the "degree of success obtained" in the suit.  *Gray v. Bostic*, 720 F.3d 887, 894 (11th Cir. 2013); *Farrar v. Hobby,* 506 U.S. 103, 114 (1992).    It is this factor that weighs most heavily against the Plaintiff.    When considering this factor, courts must compare the amount of damages sought to the amount awarded.  *Gray,* 720 F.3d at 894.    If there is a substantial difference between the judgment recovered and the recovery sought then the victory was purely technical, which affects the propriety of awarding fees.  *Id.* at 894-95.    In such a case, plaintiff's fees are either wholly denied or reduced significantly.  *Gray*, 720 F.3d at 894

---

[4] While most cases in the Eleventh Circuit have utilized the *Farrar* factors to analyze fees where a Plaintiff's award is nominal, the Supreme Court indicates that the factors may be applied to any other judgment obtained by a Plaintiff that is de minimis such that it appears merely "technical" in nature.  *Farrar,* 506 U.S. at 114 ("Although the 'technical' nature of a nominal damages award **or any other judgment** does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988.")

(plaintiff was denied attorney's fees in light of nominal damages recovery); *Thornton v. Wolpoff & Abramson,* 312 Fed. Appx. 161, 164 (court affirmed district court's 85% reduction of plaintiff's attorney's fees from $49,502.50 to $7,500.00 based on nominal damages award).

In the instant case, the limited degree of success obtained by Plaintiff is apparent. The Plaintiff sought over $100,000 in damages but was only awarded an insignificant amount of $155.00 – the exact amount it cost to retrieve her car from the tow yard. This substantial difference between the damages sought and recovery obtained indicates that plaintiff's victory was merely technical which justifies a denial, or drastic reduction, of attorney's fees.

### 2. Significance of the Legal Issue

The second *Farrar* factor is concerned with the general legal importance of the issue that the Plaintiff prevailed on. *Gray,* 720 F.3d at 896. Merely establishing that an officer violated the Fourth Amendment and is not entitled to qualified immunity does not present a significant legal issue. *Gray,* 720 F.3d at 896. Plaintiff was able to demonstrate that Officer Seymour violated her Fourth Amendment rights and that he was not entitled to qualified immunity; however, as in Gray, that alone does not present a "significant legal issue." *Id.* This case has not presented any novel issue, nor has it altered the legal landscape of civil rights law.

### 3. Public Purpose Served

The third factor of *Farrar* calls the court to look at the public purpose accomplished by the Plaintiff's verdict. *Gray*, F.3d at 897. This factor principally relates to whether the victory vindicates important rights and deters future violations. *Id.* "The more important the right at stake and the more egregious the violation the more likely it is that the victory serves a public purpose." *Id.*, at 898. This case does nothing more than vindicate the rights for the individual Plaintiff involved. Plaintiff has not established some larger unconstitutional program of the DeKalb County Police Department which results in unlawful arrests against various individuals. Nor, as the jury found, did the Plaintiff establish that Officer Seymour acted with malice such punishing him helped to deter future unconstitutional behavior towards other individuals. *Gray*, F.3d at 899 (failing to obtain punitive damages weighs against Plaintiff for this factor). In addition, Plaintiff's victory has not caused any changes to the policies or procedures at the DeKalb County Police Department. The jury, by choosing to forgo punitive damages, agreed that risk of future conduct on behalf of Officer Seymour was not likely. Accordingly this factor also does not fall in favor of plaintiff.

In conclusion, Plaintiff's request for attorney's fees should be denied because none of the three factors set out in <u>Farrar</u> favor an award of fees in this case.

### C.   Plaintiff's Request for Attorney's Fees are Unreasonable.

The touchstone of an attorney's fees inquiry is reasonableness. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) (explaining that a prevailing party status merely brings the plaintiff across the statutory threshold and that the district court must then determine what fee is reasonable). Plaintiff's award of attorney's fees of nearly $140,000.00 dollars should be denied simply because it is unreasonable. Fee awards under Section 1988 were never intended to "produce windfalls to attorneys." *Farrar*, 506 U.S. at 115. Plaintiff fees constitute approximately 900 times that of the relief obtained and a definite windfall to Plaintiff's attorneys.

Failure to accept a reasonable settlement is a factor that may be considered when determining the reasonableness of an attorney's fees award. *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed. Appx. 161 (11th Cir. 2008). In this instance, Defendant made several reasonable settlement offers to Plaintiff prior to trial, but Plaintiff refused to accept any settlement below $115,000.00. In light of the type of case and likelihood of success, Plaintiff should have accepted Defendant's settlement offer. Further, in her brief for attorney's fees, Plaintiff admits, "[r]arely would a person of means be awarded a large verdict in the Atlanta

area," Plaintiff's Motion for Attorney's Fees Brief, p. 10. *But see Skop v. City of Atlanta,* 485 F.3d 1130 (11th Cir. 2007). If Plaintiff knew her likelihood of success was slim in this lawsuit, she should have accepted one of Defendant's settlement offers rather than incurring such exorbitant legal fees. Plaintiff's failure to accept Defendant's settlement offers should be considered by this court when determining the reasonableness of an attorney's fee award.

### D.   Expenses.

"With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *See N.A.A.C.P. v. City of Evergreen, Alabama,* 812 F.2d 1332, 1337 (11th Cir. 1987).

From a review of the bill of costs filed with this court on July 16, 2014 and the supplement bill of costs filed with this court on September 11, 2015, Defendants point out that Plaintiff includes costs to serve Detective R.D. Toney, who was not a party to this lawsuit. Accordingly, Defendant contends that the expenses should be reduced by $100.00.

### Conclusion

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Motion for Attorney's Fees be denied in full or in the alternative

significantly reduced to a reasonable amount in light of the limited success obtained by Plaintiff in this suit.

Respectfully submitted this 25th day of September, 2015.

LAURA K. JOHNSON
DEPUTY COUNTY ATTORNEY
Georgia Bar No. 392090


*/s/ Terri N. Gordon*
TERRI N. GORDON
SENIOR ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 302490

Attorneys for Defendant

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Terri N. Gordon
Senior Assistant County Attorney
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011
(404) 371-3024 facsimile
tngordon@dekalbcountyga.gov

# Exhibit A

## Hours to be excluded based on dismissal of Sergeant Parker

Below is an outline of the hours as pertaining to Sergeant Parker that should be excluded from Plaintiff's fee amount. Plaintiff did not distinguish between the hours spent specifically on tasks related to Officer Seymour and Sergeant Parker therefore Defendant subtracted half of the hours expended on the tasks related to Defendants collectively for the dates below.

Discovery

| | | |
|---|---|---|
| 4/20/ 12 | Interrogatories to Seymour and Parker | -.5 |
| 4/23/12 | Draft of production requests to Defendants and review of interrogatories | -.6 |
| 4/27/12 | Interrogatories and production requests completed and filed | -.7 |

Depositions

| | | |
|---|---|---|
| 6/9/12 | Continued review of documents and preparation for depositions of Seymour and Parker | -3.8 |

-14-

| | | |
|---|---|---|
| 6/10/12 | Preparation for depositions and completion of document review | -4.65 |
| 6/11/12 | Deposition of Parker | -3.5 |

## Summary Judgment

| | | |
|---|---|---|
| 7/20/12 | Legal research for response to MSJ | -2.0 |
| 7/23/12 | MSJ research on qualified immunity | -1.1 |
| 7/24/12 | Review of depositions and records for response to MSJ | -2.4 |
| 8/6/12 | Draft of Plaintiff's responses to Defendant's MSJ | -1.65 |
| 8/8/12 | Completion of Response brief | -2.5 |

## Eleventh Circuit Brief

| | | |
|---|---|---|
| 1/7/13 | Initial research for Plaintiff's brief in 11th Circuit | -.8 |
| 1/17/13 | Research and start on draft of Plaintiff's brief | -1.05 |
| 1/23/13 | 11th Circuit brief drafted | -.75 |

| 1/24/13 | 11th Circuit brief revisions | -.4 |
| 1/24/13 | Preparation of supplement to record excerpts | -1.4 |
| 1/25/13 | Preparation of table of contents and tab all documents | -.45 |
| 1/25/13 | 11th Circuit brief revisions | -.35 |
| 1/28/13 | Completion and filing of 11th Circuit brief | -1.2 |

## Eleventh Circuit Oral Argument

| 10/3/13 | Preparation for oral argument | -2.15 |
| 10/4/13 | Research on Brown v. Huntsville and Georgia and 11th Circuit cases | -1.05 |
| 10/7/13 | Draft outline for oral argument | -.85 |
| 10/8/13 | Revisions to argument and practice presentation | -1.0 |
| 10/9/13 | Final prep and legal research check for new law | -.8 |
| 10/10/13 | 11th Circuit argument | -1.3 |

Total hours reduced = -36.95

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**MONIQUE WILKERSON,**

        Plaintiff,

vs.

       **CIVIL ACTION FILE NO.**
       1:11-CV-04426-TWT

**THEDIOUS SEYMOUR,**

        Defendant.

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed **DEFENDANT SEYMOUR'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing the following attorney of record:

    **John C. Jones**         **William F. Amideo**
    **248 Roswell Street**     **105 Farewell Lane**
    **Marietta, Georgia 30060**   **Alpharetta, GA 30022**

This is to further certify that the foregoing document was prepared using 14 pt Times New Roman.

This 25th day of September, 2015.

*/s/ Terri N. Gordon*
TERRI N. GORDON
SENIOR ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 302490