IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

MONIQUE WILKERSON,            :

    Plaintiff                    :   CIVIL ACTION FILE NO.

vs.                          :   1:11-CV-04426-TWT

THEDIOUS SEYMOUR,            :

DeKalb County Police Officer,  :

    Defendant                  :

## REPLY BRIEF IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

I.  Introduction

Defendant's response repeatedly makes assertions not in the record.  First, he claims without attribution, that the jury awarded damages to Monique Wilkerson "to retrieve her car from South DeKalb Towing and Transport after her arrest." (Response brief, p. 2).  The opposite is true.  The jury awarded Ms. Wilkerson compensatory damages specifically finding that Officer Seymour violated her Fourth and Fourteenth Amendment rights when he illegally arrested and incarcerated her and falsely claiming that she violated a DeKalb County ordinance.

Second, Defendant attempts to belittle the jury's legal finding by claiming in his brief, without any supporting evidence, that: "Plaintiff has not established some larger unconstitutional program of the DeKalb County Police Department which results in unlawful arrests against various individuals." (Response brief, p. 10). DeKalb County Police Department was not and has never been a defendant in this lawsuit, nor was there an allegation in the Complaint that Seymour was acting pursuant to an unconstitutional program of the County.  Further, no discovery was attempted to determine whether Seymour was acting pursuant to a policy or custom of his Department.   However, what is poignantly clear now is that on four occasions this Court and the Eleventh Circuit have concluded that Seymour's conduct was unconstitutional and if such a program exists, it must cease since Seymour's superiors are on notice that a change would be mandatory.

His third unsupported contention is that: "Plaintiff's victory has not caused any changes to the policies or procedures at the DeKalb County Police Department." (Response brief, p. 10).  If true, it is disappointing and careless on the part of the Department or their advising attorneys.  Apparently the Department and Officer Seymour still see nothing improper with handcuffing, arresting, and incarcerating an innocent citizen and charging her with disorderly conduct even if her conduct was not disorderly within the parameters of the ordinance.   At a minimum, it

would be expected that the DeKalb Police Department would advise all of its officers as to the elements of a disorderly conduct violation and to not arrest its citizens merely because one of them asks for the officer's name and badge number.

Defendant violated his oath of confidentiality with his fourth unsupported assertion.  Defendant makes the claim that he was reasonable in his settlement offer of $5,000 in the Eleventh Circuit mediation, but the Plaintiff was unreasonable in demanding $115,000.  What is incredible, other than this claim is found nowhere in the record, is the fact that mediation in the Eleventh Circuit is confidential with both sides verbally agreeing to confidentiality.  The Eleventh Circuit form provides: "state whether counsel and counsel's parties will maintain confidentiality with respect to settlement communications made and received during and subsequent to the mediation, and explain if 'no' as to any party."  Both sides agreed to this confidentiality, but now the Defendant has chosen to violate his oath apparently in an attempt to establish his reasonableness and veracity.   He has done the opposite.

II. Argument and Citations to Authorities

Pursuant to *Webster Greenthumb Co. v. Fulton County, Georgia,* 112 F. Supp. 2d 1339, 1345-6 (N.D. Ga. 2000), "[a]lthough awarding attorney's fees is within the discretion of the trial court, such discretion is a narrow one in that attorneys'

fees should be denied only when special circumstances would render an award unjust, *Solomon v. City of Gainesville,* 796 F. 2d 1484, 1466 (11th Cir. 1986)…. Importantly, one need not succeed on all claims in order to obtain attorneys' fees, *Id.*"

  a.  Prevailing Party

  *Greenthumb* recognized that: "[a]s the Supreme Court held in *Farrer v. Hobby,* 506 U.S 103, 113, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992), any time a plaintiff wins even nominal damaged for a civil rights violation he becomes a prevailing party pursuant to Sec. 1988 since '[a] judgment for damages in any amount, whether compensatory or nominal, modified the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at p. 1348.  The jury's verdict that Officer Seymour violated Ms. Wilkerson's Fourth and Fourteenth Amendment constitutional rights forces Seymour to pay money to Ms. Wilkerson which makes her the prevailing party.

  b.  Reasonable Award of Attorneys' Fees

  The Defendant acknowledges the "lodestar" premise of multiplying the hours necessarily expended by the hourly rate and does not challenge the rate of $350 per hour.  He does challenge an unspecified number of hours that are supported by

documentation and affidavits of counsel.  Without any supporting affidavit or documentation to the contrary, he makes a challenge to: Mr. Amideo's researching and drafting the complaint; drafting a joint preliminary and scheduling report; the receipt and review of various documents; preparation for Seymour and Parker's deposition; research, review and draft response to motion for summary judgment; as well as Mr. Jones' hours in drafting, reviewing and filing Initial Disclosures; preparation and filing of mediation statement in the Eleventh Circuit; and review of the pre-trial order requirements and drafting the pre-trial order.  The Defendant claims that "*some* of these hours *could be* deemed excessive." (Response brief, p. 7, emphasis supplied).  Picking a number out of the blue, he contends that the fees requested for *some* unspecified functions should be cut in half and reduced by $14,245.00.

   *Greenthumb, supra,* places a greater burden on the party opposing attorneys' fees than what the Defendant suggests.  Indeed, "those parties opposing fee applications also have obligations.  Their objections and proof concerning hours they want excluded must be specific and 'reasonably precise.' *Id.* at p. 1349. Confronted with detailed documentation of the hours expended on specific tasks as well as affidavits from Plaintiff's counsel and two well-respected Atlanta attorneys, Defendant had the burden to come forward with something other than

"*some* of these hours *could be* deemed excessive" and a 50% cut of those hours. He failed to produce affidavits of other attorneys questioning any of the hours; failed to provide affidavits from his own attorneys comparing the time they spent on the same items; failed to demonstrate the methodology in calculating the percentage reduction; and failed to provide this Court with any rational reason to cut any hours.  Surprisingly, the majority of the billings cited by the Defendant required Plaintiff's counsel to have consultation with the client as well as attorney strategy sessions, but that time was excluded in the computation of hours by the undersigned attorneys.  (Jones affidavit, para. 6; Amideo affidavit, para. 5).  If anything, the fees should be enhanced with added time for attorney strategy sessions and consultation with the client.  *Greenthumb,* at p. 1350.

This lawsuit originally named Officer Seymour and Sergeant Parker as defendants.  Since Sergeant Parker was dismissed by the Eleventh Circuit, Defendant attaches Exhibit A and lists legal tasks performed by Plaintiff's counsel that included both Sergeant Parker and Officer Seymour and seeks to reduce those hours by fifty percent and down by 36.95 hours.  Again, *Greenthumb* at pp. 1351-2 is instructive: "[a] computation of the hours reasonably expended should not include time spent on 'discrete and unsuccessful' claims (citation omitted), but should include time spent on all claims that arise out of the same course of conduct

and share a 'common core of fact,' even if a specific individual claim did not succeed."

Factually, Ms. Wilkerson found Officer Seymour standing at the rear of her vehicle at Dugan's parking lot shining a flashlight on her license tag.  As she approached, he asked if this was her vehicle and she confirmed that it was.  Officer Seymour then said she was just in time because her car was about to be towed. Ms. Wilkerson asked how she could be towed when she was legally parked in a designated parking space, and Officer Seymour replied that "it's easier for you to move one car than to move all these other cars."  Ms. Wilkerson said, "But that's not right.  That's not just. You've just disrupted my dinner and my game because you didn't want to call several people out."  Officer Seymour then said, "Look, are you going to move?"  Ms. Wilkerson replied, "yes, I'm going to move, but I'm going to need your name and your badge number because I'm going to report you tomorrow because this isn't right."  Without any lawful justification, Seymour swung Ms. Wilkerson around, grabbed her by the wrist, and said: "you're under arrest," and put handcuffs on her.

Officer Seymour then placed Ms. Wilkerson in the back seat of a patrol car and called a supervisor, DeKalb County Police Sergeant O.B. Parker, to the scene. Officer Seymour falsely told Sgt. Parker that Ms. Wilkerson had refused to move

7

her vehicle, was loud and boisterous and would not calm down, and that he had arrested her for disorderly conduct.  Sgt. Parker opened the back door of the patrol car and spoke briefly with Ms. Wilkerson.  She told Sgt. Parker she had every intention of moving her car, and it was only after she asked Officer Seymour for his name and badge number that he became upset and arrested her. Sergeant Parker essentially ratified the illegal arrest and Ms. Wilkerson was transported to the DeKalb County Jail and spent the night in jail with other prisoners.

The claim against Sergeant Parker arose out of the same course of conduct and shared a "common core of fact."  He wasn't present at the arrest, but had every opportunity to stop the constitutional violation.  The Eleventh Circuit did not reach the question as to whether his conduct was constitutional, but dismissed him as a party based upon qualified immunity because no previous case law put him on notice that he was violating Ms. Wilkerson's constitutional rights.

However, Sergeant Parker was never the focal point of the lawsuit since it was Officer Seymour who made the illegal arrest and did not tell Sergeant Parker the truth as to what actually happened and falsified his report regarding the arrest. Percentage wise, approximately 90% of the focus of the litigation was directed at Officer Seymour. However, since the activities of Sergeant Parker were part of the common core of fact, none of the fees requested should be denied.

It should also be noted that at the District Court denied Defendants' Motion for Summary Judgment as to both Officer Seymour and Sergeant Parker finding a violation of Ms. Wilkerson's constitutional rights by both officers.  Hence, all of the discovery time, deposition time, and summary judgment time set forth in Defendant's Exhibit A addressed issues that Plaintiff actually prevailed upon at the time.  Even though Sergeant Parker was dismissed after the District Court's order was appealed, *Greenthumb* would permit the compensation. *Id.* at p. 1350.

III.CONCLUSION

Based upon these factors, Defendant's objections to the reasonable hours expended should be denied and attorneys' fees in the amount of $135,905.00 should be awarded to the Plaintiff.  Defendant's objection to the $100 cost for service upon Detective R.D. Toney is proper and costs should be reduced to $3,101.77.

Respectfully submitted, this 1st day of October, 2015.

/s/ John C. Jones
JOHN C. JONES
ATTORNEY FOR PLAINTIFF
STATE BAR NO. 401250

/s/William F. Amideo
WILLIAM F. AMIDEO
ATTORNEY FOR PLAINTIFF
STATE BAR NO. 016010

248 Roswell Street
Marietta, Georgia 30060
(770) 427-8066

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing REPLY BRIEF IN

SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES to the Clerk of

Court using the CM/ECF system which will automatically send electronic mail

notification of such filing to the following counsel of record who is a CM/ECF

participant:

Terri N. Gordon, Esq.
Dewayne Pritchett, Esq.
Senior Assistant County Attorney
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, Georgia  30030

This 1st day of October, 2015.

<u>/s/</u> John C. Jones
Attorney for Plaintiff
Georgia Bar No. 401250
jcjones1234@bellsouth.net

248 Roswell Street
Marietta, Georgia 30060
(770) 427-8066 (telephone)
(770) 426-9584 (facsimile)