IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MONIQUE WILKERSON,

    Plaintiff,

      v.

THEDIOUS SEYMOUR
DEKALB COUNTY POLICE
OFFICER,

    Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-4426-TWT

## ORDER AND OPINION

This is a civil rights action.  It is before the Court on the Plaintiff's Motion for Attorney Fees [Doc. 123].

### I. Background

This is a false arrest case. The Plaintiff visited a sports bar on the night of September 9, 2010, to watch the first football game of the season. She legally parked her car in the bar's parking lot. During the game, she heard her car's description and then tag number announced by the DJ, informing her that her car was blocking someone in the parking lot. After multiple announcements, the Plaintiff paid her tab, gave up her seat, and went outside, where she encountered Officer Seymour, who was working security off duty but in full uniform. Officer Seymour told the Plaintiff that

T:\ORDERS\11\Wilkerson\attyfees2.wpd

she was just in time to prevent her car from being towed. The Plaintiff acknowledged that the car was hers, and Officer Seymour told her to move it because it would be easier than moving multiple illegally parked cars. The Plaintiff objected, saying, "But that's—that's not right." She also complained that Officer Seymour had interrupted her dinner and her game, using the words "hell" and "damn" at least once. Officer Seymour believed that the Plaintiff was upset because she thought her car was going to be towed. The Plaintiff denies that she spoke to anyone other than Officer Seymour prior to her arrest, or that there were other people around them during her interaction with Officer Seymour. After Officer Seymour asked the Plaintiff a second time to move her car, she responded in a louder than conversational tone that she wanted Officer Seymour's name and badge number. At that point, Officer Seymour placed the Plaintiff under arrest for disorderly conduct. The Plaintiff spent the night in the DeKalb County Jail. The disorderly conduct charge was later dismissed. This Court denied Officer Seymour's claim of qualified immunity. That judgment was affirmed by the Court of Appeals. The case was tried by a jury and a verdict rendered in favor of the Plaintiff in the amount of $155.00 – the cost to the Plaintiff of retrieving her car from the impound lot.

## II. Discussion

The award of attorney's fees is covered by 42 U.S.C. §1988 which provides in applicable part:

> In any action or proceeding to enforce a provision of Section ... 1983...,
> the court, in its discretion, may allow the prevailing party, other than the
> United States, a reasonable attorney's fee as part of the costs.[1]

"Reasonable attorneys' fees, are ordinarily to be awarded to prevailing parties, unless special circumstances make such an award unjust."[2] Congress intended to permit the award of counsel fees only when a party has prevailed on the merits. Therefore, in order to qualify for attorney's fees under § 1988, a plaintiff must be a "prevailing party." A plaintiff may be considered as a "prevailing party" for attorney's fees purposes if she succeed on any significant issue in litigation which achieves some of the benefit she sought in bringing suit.[3] A plaintiff who wins nominal damages is a prevailing party under § 1988.[4]   "A judgment for damages in any amount, whether

---

[1]       42 U. S. C. § 1988.

[2]       Dowdell v. City of Apopka, Florida, 698 F.2d 1181, 1189 (11th Cir. 1983).

[3]       Farrar v. Hobby, 506 U.S. 103, 109 (1992).

[4]       Id. at 112.

compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."[5]

A reasonable attorney's fee award under 42 U.S.C. § 1988 is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."[6] This "lodestar" may then be adjusted for the results obtained.[7] In addition, "all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988."[8] Fee applicants must exercise what the Supreme Court has termed "billing judgment." That means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.[9] In order for courts to carry out their duties

---

[5] Id.

[6] Blum v. Stenson, 465 U.S. 886, 888 (1984).

[7] American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

[8] Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir.1983).

[9] ACLU v. Barnes, at 168 F.3d 428.

in this area, objections and proof from fee opponents concerning hours that should be excluded must be specific and "reasonably precise."[10]

The Plaintiff seeks attorney's fees in the amount of $135,905.00 plus costs in the amount of $3,101.77. The Defendant argues that this amount is unreasonable and excessive in light of the limited recovery that she obtained. The Defendant has not met his burden to show that the hours  expended in this case – including a four day jury trial and two trips to the Court of Appeals – are excessive or redundant.  He failed to produce affidavits of other attorneys questioning any of the hours; failed to provide affidavits from his own attorneys comparing the time they spent on the same items; failed to demonstrate the methodology used by him in calculating the suggested percentage reduction; and failed to provide this Court with any rational reason to cut any hours. He does not challenge the claimed hourly rate. In the absence of any logical and articulable basis for reducing the lodestar amount to anything but zero, the Court concludes that the full amount requested should be awarded.

### III. Conclusion

The Plaintiff's Motion for Attorney Fees [Doc. 123] is GRANTED in the amount of $135,905.00 plus costs in the amount of $3,101.77.

---

[10]    <u>Id.</u>

SO ORDERED, this 4 day of December, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge